UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 11-339-DLB

TERESA RICHARDSON                                                                                    PLAINTIFF

VS.                            MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                       DEFENDANT

*** *** *** ***

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security.  The Court, having reviewed the record and the parties' dispositive motions, will affirm the Commissioner's decision, as it is supported by substantial evidence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Teresa Richardson applied for a period of disability and disability insurance benefits (DIB) on October 23, 2009.  (Tr. 124-127).  At the time of filing, Plaintiff was 46 years old and alleged a disability onset date of November 24, 2008.  (Tr. 124).  Plaintiff alleges that she is unable to work due to complex regional pain syndrome (CRPS), left arm injury, and neck and shoulder pain.  (Tr. 152).

Plaintiff's applications were denied initially and again on reconsideration. (Tr. 60-63, 66-68).  At Plaintiff's request, an administrative hearing was conducted on March 16, 2011 before Administrative Law Judge (ALJ) Roger Reynolds.  (Tr. 25-57).  On May 23, 2011,

1

ALJ Reynolds ruled that Plaintiff was not disabled and therefore not entitled to DIB. (Tr. 11-20). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 15, 2011. (Tr. 1-3).

On October 21, 2011, Plaintiff filed the instant action. (Doc. # 1). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 9, 10).[1]

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal

---

[1] On February 15, 2012, Plaintiff moved to amend/correct her Motion for Summary Judgment (Doc. # 12). The Court granted Plaintiff's motion as unopposed (Doc. # 14).

merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant still performs substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether a significant number of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B. The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 24, 2008, the alleged onset date. (Tr. 13). At Step 2, the ALJ determined that Plaintiff had the following severe impairments: mild obesity, low back pain by history secondary to mild degenerative disc disease of the lumbar spine, and complex regional pain syndrome of left hand/wrist, status post DeQuervain's release of the left wrist. (Tr. 13). The ALJ further recognized that Plaintiff had been treated for cardiac impairments, gingivitis, chronic obstructive pulmonary disease and chronic lower back pain but found these impairments to be nonsevere because they cause no more than minimal limitations. (Tr. 14). At Step 3, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments

in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 14-17).

At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b), lifting and carrying up to twenty pounds occasionally and ten pounds frequently with the right dominant hand, with sitting, standing, and walking up to six hours each in an eight hour day, except there can be no use of the left hand for lifting or carrying, although it can be used as a helper hand.  (Tr. 17).  The ALJ also found that Plaintiff cannot engage in climbing of ropes, ladders or scaffolds; only occasional climbing of stairs or ramps; only occasional balancing, stooping, kneeling, crouching or crawling; and no use of the left hand for reaching, handling, fingering or feeling.  (Tr. 17).  Based upon these findings, the ALJ found that Plaintiff is able to perform her past relevant work as a teacher's assistant/day care worker.  (Tr. 19).

Although the ALJ determined that Plaintiff is capable of performing her past relevant work, he found that there are other jobs existing in the national economy that she is also able to perform.  (Tr. 19).  Accordingly, the ALJ made alternative findings for Step 5 of the sequential evaluation process.  The ALJ found that Plaintiff was born on March 24, 1963 and was 45 years old, which is defined as a "younger individual," on the alleged onset date.  (Tr. 19).  *See* 20 C.F.R. § 404.1563.  The ALJ also found Plaintiff to have at least a high school education with the ability to communicate in English.  (Tr. 19).  Relying on the testimony of a vocational expert (VE) and considering Plaintiff's age, education, work experience and residual functional capacity, the ALJ determined that a significant number of jobs exist in the national economy that Plaintiff can perform.  (Tr. 19).  ALJ Reynolds therefore concluded that Plaintiff has not been under a disability within the meaning of the

Social Security Act since the alleged onset date of November 24, 2008 through the date of the decision. (Tr. 20).

  **C.**  **Analysis**

Plaintiff raises three arguments on appeal. First, Plaintiff argues that the ALJ failed to give proper deference to the opinion of the treating physician and adequate reasoning for refusing to accept this opinion. Second, Plaintiff asserts that the ALJ did not consider the combined effects of her impairments. Finally, Plaintiff argues that she meets a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Each argument will be addressed in turn.[2]

  **1.**  **The ALJ Did Not Improperly Reject the Opinion of the Treating Physician**

Plaintiff argues that ALJ Reynolds improperly rejected the opinion of Plaintiff's treating physician, Dr. Margaret Napolitano. Despite Plaintiff's assertion to the contrary, Dr. Napolitano was a one-time examiner who examined Plaintiff in June 2009 due to a referral for a second opinion by Plaintiff's workers' compensation carrier.[3] (Tr. 34, 353). Since Dr. Napolitano only examined Plaintiff on one occasion, she cannot be considered a treating physician. *See Atterberry v. Sec'y Health & Human Servs.*, 871 F.2d 567, 572 (6th Cir. 1989) (physician who examined claimant only once was not a treating physician). Unlike treating source opinions, consultative examiners' opinions are not entitled to any "special degree of deference." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).

---

[2] After filing her Motion for Summary Judgment (Doc. # 9), Plaintiff moved to withdraw an argument based on a durational requirement (Doc. # 11). The Court granted Plaintiff's motion to withdraw, (Doc. # 13), and will not consider this argument.

[3] Plaintiff's record indicates three documents relating to Dr. Napolitano. These three documents are copies of the same office visit report. (Tr. 353-357, 379-383, 520-522).

5

In their one meeting, Dr. Napolitano noted that Plaintiff had been diagnosed with left first dorsal compartment syndrome and underwent a surgical release of the left first dorsal compartment on November 24, 2008. (Tr. 353). Since that time, Plaintiff developed CRPS and was referred for therapy and sympathetic blocks. (Tr. 353). Plaintiff complained of severe pain in her left wrist following the surgery that extended up to her arm and shoulder. (Tr. 353). Upon physical examination of her hands, Plaintiff had a grip strength of zero pounds on the left and fifty pounds on the right. (Tr. 354). Plaintiff also exhibited multiple dysesthesias along the periphery of the scar, but no atrophy or erythema, and no skeletal abnormalities were seen on X-ray. (Tr. 354). Dr. Napolitano recommended a redo of Plaintiff's left first dorsal compartment release and prescribed Plaintiff with pain medication. (Tr. 354). A preoperative visit was scheduled on June 29, 2009, but Plaintiff's workers' compensation carrier would not cover the surgery so she has been unable to afford subsequent medical treatment. (Tr. 38, 357). Dr. Napolitano made no further observations or assessed any limitations regarding Plaintiff's ability to work or whether Plaintiff's injuries amounted to a functional disability. (Tr. 353-357).

Plaintiff claims: "Dr. Napolitano is (sic) very experienced neurologist and treated Ms. Richardson for her CRPS for a long period of time. The exertional and non-exertional limitations placed on this Plaintiff must be taken into consideration ... which the ALJ failed to do in this instant case." (Doc. # 9-1, at 4). As stated above, Dr. Napolitano was not a treating physician, and, therefore, her opinion is not entitled to any special deference or consideration. Moreover, Plaintiff does not identify what "opinion" Dr. Napolitano gave or what "exertional and non-exertional limitations" she placed on Plaintiff that ALJ Reynolds did not give proper deference. "Medical opinions are statements from physicians ... that

reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). A review of the treatment notes reveals that Dr. Napolitano found that Plaintiff had a grip strength of zero pounds on her left hand and recommended that Plaintiff undergo a redo of the surgical release performed on her left wrist in November 2008. Dr. Napolitano did not opine as to what limitations Plaintiff's left wrist injury caused her or assess any particular restrictions on Plaintiff's daily or work activities.

However, even assuming Dr. Napolitano's statements could be considered an opinion, the ALJ thoroughly discussed Dr. Napolitano's findings and assessed an RFC consistent with her opinion. (Tr. 15, 17). The ALJ found that there could be no use of Plaintiff's left hand for lifting or carrying, although it could be used as a helper hand. (Tr. 17). Additionally, the ALJ determined that Plaintiff could not use her left hand for reaching, handling, fingering or feeling. (Tr. 17). The ALJ's RFC was even more restrictive than Plaintiff's own testimony as to what she can and cannot do with her left hand. At the hearing, Plaintiff admitted that she can use her left hand and, indeed, does use it when she is driving her car in the rain. (Tr. 32, 38). Therefore, the ALJ accounted for Plaintiff's left hand limitations in the RFC and any "opinion" that was given by one-time examiner, Dr. Napolitano. Accordingly, the ALJ did not fail to give deference to or improperly reject Dr. Napolitano's opinion.

### 2. The ALJ Did Not Fail to Consider the Combined Effects of Plaintiff's Impairments

Plaintiff argues the ALJ failed to consider the combined effects of her impairments. This argument also fails. The ALJ must "consider the combined effect of all [the individual's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If [the ALJ] find[s] a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process." 20 C.F.R. §§ 404.1523.

In the present case, the ALJ individually addressed Plaintiff's impairments of mild obesity, low back pain, CRPS of left hand/wrist, status post DeQuervain's release of the left wrist, cardiac impairments, gingivitis, chronic obstructive pulmonary disease and chronic lower back pain, referencing the medical records pertinent to each condition discussed. (Tr. 13-17). The ALJ's "individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination." *Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990) (quoting *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987)).

Moreover, Plaintiff does not provide the Court with any rationale to support her argument. Rather, Plaintiff relies on conclusory statements, telling the Court that "[i]t is clear from the medical evidence within the records that Plaintiff is severely impaired from his (sic) mental and physical difficulties." (Doc. #9-2 at 4). Despite this supposed abundance of evidence in the record, Plaintiff does not cite to a single portion of the transcript that would support her position that the ALJ did not consider the combined effects of all Plaintiff's impairments.

### 3. Plaintiff Failed to Show That She Meets a Listing

Plaintiff also argues that the ALJ should have found her impairments severe enough to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. However, Plaintiff failed to identify what listing(s) she believes her impairments meet or medically equal. In failing to direct this Court's attention to which listing(s) her impairments allegedly meet or medically equal, Plaintiff's argument lacks the specificity required on appeal. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006). When a plaintiff fails to offer any particularized argument to support her assertion, this Court will not "formulate arguments on the Plaintiff's behalf" or engage in an "open-ended review of the entirety of the administrative record to determine ... whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and ... whether the Commissioner sufficiently accounted for this evidence." *Id.* Not only has Plaintiff failed to direct the Court's attention to which listing(s) her impairments allegedly meet, Plaintiff has also failed to offer any supporting medical evidence to support her assertion besides a general reference to a one-time medical evaluation by Dr. Robert Johnson, who saw Plaintiff at the request of her workers' compensation attorney. (Tr. 394-405). Dr. Johnson assessed a 30% whole body impairment and found that Plaintiff was "incapable of utilizing her left upper extremity in any constructive fashion." (Tr. 404-405). However, Plaintiff fails to show how this assessment satisfies the conditions of or equals a listed impairment. Indeed, Listing 1.02B (Major dysfunction of a joint(s)) requires involvement of one major peripheral joint in *each* upper extremity, resulting in the inability to perform fine and gross movements effectively. 20 C.F.R. Part 404, Subpart P, Appendix 1. When a claimant alleges that [s]he meets or equals a listed impairment, [s]he must

9

present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency." *Thacker v. Soc. Sec. Admin.*, 93 F. App'x 725, 727 (6th Cir. 2004). Without providing any explanation as to how the medical evidence proves that her impairment meets or equals a listing, Plaintiff has failed to satisfy her burden on appeal.

### 4. Plaintiff Makes Additional Arguments Which are Never Developed and Not Provided Any Support from the Record

Plaintiff asserts additional complaints that are not raised in the "Issues Presented" section of her Motion for Summary Judgment and are never fully developed. (Doc. # 9-1, at 2). Plaintiff claims that "hypotheticals must be reasonably based upon the substantial evidence within the record, which the ALJ failed to do in this instant case." (Doc. # 9-1, at 4). However, Plaintiff fails to direct the Court's attention to any restriction that was improperly included or improperly disregarded by the ALJ in forming the hypotheticals and makes no reference to the record to support this claim. Therefore, this assertion lacks the specificity required on appeal to establish that the ALJ erred in presenting the hypotheticals to the VE. *See Hollon*, 447 F.3d at 491.

The Plaintiff additionally states that "the testimony of the Plaintiff is important" and that it is her position that "the testimony of the plaintiff [was] ignored in this matter." (Doc. # 9-1, at 5). This assertion is supported only by the statement that "Plaintiff is aware of her problems and the limitations which they cause her," declaring that "[s]he testified credibly of the problems from which she suffers, and the reports of the doctors substantiate her testimony." (*Id.*). Credibility determinations are generally reserved for the ALJ and should not be discarded lightly. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Social Security Rule 96-7p requires the ALJ to explain his credibility determination so that it is "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* The ALJ affirmatively considered Plaintiff's testimony, but did not find her subjective complaints fully credible, concluding that they are inconsistent with the objective medical evidence and the extent of her daily activities. (Tr. 18). Plaintiff fails to indicate what portions of Plaintiff's testimony were impermissibly disregarded by the ALJ, or how the medical reports serve to substantiate her testimony. Rather, Plaintiff makes only general and conclusory statements. The credibility findings of the ALJ are sufficiently explained in his decision and are supported by substantial evidence. Accordingly, the general and unsupported assertions of Plaintiff on this matter are insufficient to find that the ALJ improperly disregarded Plaintiff's testimony.

### III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act was supported by substantial evidence. Although the record contains conflicting evidence, the Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicts in evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). Accordingly, for the reasons stated,

**IT IS ORDERED** as follows:

1. The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

2.  Plaintiff's Motion for Summary Judgment (Doc. # 9) is hereby **DENIED;**

3.  Defendant's Motion for Summary Judgment (Doc. # 10) is hereby **GRANTED**; and

4.  A Judgment affirming this matter will be entered contemporaneously herewith.

This 2nd day of May, 2012.



Signed By:
David L. Bunning  DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\Lexington\5-11-339 Richardson MOO.wpd